BELCHER SILVER MIN. CO., (KIELLEY v.) See Cases Nos. 7,760, 7,761.

BELCHER SILVER MIN. CO., (KNARESBOROUGH v.) See Case No. 7,874.

## Case No. 1,238.

### In re BELDEN et al.

[4 Ben. 225.][1]

District Court, S. D. New York. June Term, 1870.

EXTENDING TIME TO OPPOSE DISCHARGE — EXAMINATION OF BANKRUPT—STANDING IN COURT.

Creditors of a bankrupt, against whose claim a protest had been filed by the bankrupt, applied to the register, on a petition making allegations of fraud in the bankrupt's proceedings, for an order directing the examination of the bankrupt, and of witnesses, and extending the time to show cause against the discharge till after such examination. The register declined to grant the order, because the creditors had no standing in court: *Held*, that the register, under section 26, [14 Stat. 529,] should have made the order prayed for, and that the time to show cause against the examination ought to be extended till the examination was concluded.

[Cited in Re Jacobs, Case No. 7,160. See, also, In re Ray, Case No. 11,589; In re Thompson, Id. 13,935.]

In bankruptcy. A petition was presented to the register, in this case, by Harris C. Fahnestock, a member of the firm of Jay Cooke & Co., creditors of [William Belden and George W. Hooker,] bankrupts, setting forth that the bankrupts, by collusion with some of their creditors, and by wrongfully protesting against the claims of others, including that of the petitioner's firm, had procured the election of an assignee who, also, was in collusion with them; that the schedules attached to the petition were false; that fraudulent preferences had been made by the bankrupts; and that the proceedings throughout had been fraudulently conducted, with intent to prevent honest creditors from investigating the affairs of the bankrupts, and preparing to oppose their discharge. The petition prayed for an order of examination of the bankrupts, the assignee, certain of the creditors, and some other persons, as witnesses, and, also, for an order extending the

[3] [From 1 N. B. R. 666, (Quarto, 202.)]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

time to oppose the discharge of the bankrupts until such examination could be made.

The register declined to grant the order, but certified the question to the court, stating that he should grant the order of examination at once, were it not for decisions of the court, to the effect, that, where the claim of a creditor has been protested against, such creditor has no standing in court until the claim has been adjudicated on, citing Adams' Case, [Case No. 39;] 6 Int. Rev. Rec. 28, 127, 223; [In re Baum, Case No. 1,116; In re Patterson, Id. 10,814; In re Metcalf, Id. 9,494;] 2 N. B. R. 76, 109, [In re Brandt, Cases Nos. 1,812 and 1,813;] following which, as he said, he held that the petitioner was not entitled to the order asked for, but would be the moment his claim was substantiated as a claim; and that the prayer of the petition for an extension of the time to show cause why the bankrupts should not be discharged, could only be heard on the return day of the order to show cause before the register.

[For opinions rendered at subsequent hearings, see Cases Nos. 1,241 and 1,239.]

Charles D. Burrill, for petitioner.

BLATCHFORD, District Judge. On the petition, it is proper that the register, acting as the court, should, under section 26, [Act 1867, (14 Stat. 529,)] make the order prayed for, there being power to make such order at all times, "without any application;" and the time for showing cause against the discharge ought to be extended from time to time by the register, until the examinations of the bankrupts and the other witnesses are concluded, the whole matter being subject to regulation by the register and the court, as to the use of reasonable diligence.